86 F.3d 1162
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lazaro Jesus GRANADOS-ESPINOZA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70841.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 10, 1996.*
Decided May 22, 1996.
 
 Before: GIBSON,** NOONAN, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Lazaro Jesus Granados-Espinoza appeals the Board of Immigration Appeals' ("BIA") decision affirming an immigration judge's denial of his application for asylum and withholding of deportation. We affirm.
 
 I. BACKGROUND
 
 3
 Granados-Espinoza is a thirty-six year old native and citizen of Nicaragua. On April 2, 1988, Granados-Espinoza entered the United States without inspection. On the following day, the Immigration and Naturalization Service ("INS") issued an Order to Show Cause requiring Granados-Espinoza to demonstrate why he should not be deported. In a hearing before an immigration judge, Granados-Espinoza conceded deportability but applied for political asylum and withholding of deportation.
 
 
 4
 Granados-Espinoza testified that he faced physical harm upon return to his native land. According to Granados-Espinoza, his affiliation with two Nicaraguan political organizations, the Central Workers' Union and the National Liberal Party, had caused him to suffer persecution from the Sandinista government. In particular, he claimed that for approximately one week in 1987 he was detained and tortured by members of Nicaragua's state security force. The government released him, though, after various human rights groups intervened on his behalf. He departed Nicaragua a few months after this incident.
 
 
 5
 The immigration judge denied Granados-Espinoza's application for political asylum and withholding of deportation. Noting that the Sandinista political party no longer controls the Nicaraguan government, the judge concluded that Granados-Espinoza had failed to establish a well-founded fear that he would be persecuted in his homeland. In addition, the judge found that Granados-Espinoza had not proven past persecution sufficiently egregious to justify granting the application. Granados-Espinoza appealed this decision to the BIA. After undertaking an independent review of the record, the BIA affirmed the denial of Granados-Espinoza's application "based upon and for the reasons set forth" in the immigration judge's order.
 
 
 6
 We now consider Granados-Espinoza's petition for review of the BIA's decision. Granados-Espinoza contends that the BIA abused its discretion by adopting the immigration judge's order and denying his application without detailed discussion. He also claims that the BIA committed error by finding that he had not established a well-founded fear of persecution.
 
 II. DISCUSSION
 
 7
 A. Adoption of the Immigration Judge's Order
 
 
 8
 We are called upon to decide whether the BIA abused its discretion when, after conducting a de novo review of the record, it adopted the immigration judge's opinion. We find that it did not.
 
 
 9
 The BIA stated that it had independently reviewed "the record of proceedings, the immigration judge's decision, and [Granados-Espinoza's] contentions on appeal." Because the immigration judge had "adequately and correctly" addressed the reasons for denying Granados-Espinoza's application, the BIA merely adopted the immigration judge's opinion. We have expressly authorized this practice. See Alaelua v. INS, 45 F.3d 1379, 1382 (9th Cir.1995). The BIA's order reflects the fact that it gave individualized attention to Granados-Espinoza's case, and we cannot fault it for electing "to use the [immigration judge's] words rather than its own." Id.
 
 B. Asylum and Withholding of Deportation
 
 10
 Granados-Espinoza argues that the BIA erroneously denied his application for asylum and withholding of deportation on the basis that he failed to demonstrate a well-founded fear of persecution. We must uphold the BIA's conclusion that an alien has not established a well-founded fear of persecution if that determination is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992) (quotation omitted). We will reverse "only if the evidence presented by [Granados-Espinoza] was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." Id.
 
 
 11
 In order to qualify for asylum as a "refugee" under 8 U.S.C. §§ 1158 and 1101(a)(42)(A) (1994), Granados-Espinoza must show a "well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion...." 8 U.S.C. § 1101(a)(42)(A). To qualify for withholding of deportation under 8 U.S.C. § 1253(h) (1994), Granados-Espinoza must meet the more rigorous test of showing a "clear probability of persecution" should he return. INS v. Stevic, 467 U.S. 407, 413 (1984).
 
 
 12
 The immigration judge[1] noted that while Granados-Espinoza had reportedly suffered some indignities at the hands of the Sandinistas, that party no longer controls the Nicaraguan government. The judge added that Granados-Espinoza had not presented persuasive evidence that "the Sandinistas would bother" him. The judge concluded:
 
 
 13
 The evidence of record indicates to me that the respondent may have some individual problems, that there may be some economic hardship. There may be some difficulties. But [it] doesn't appear from the testimony that I heard that he would be persecuted. His family is still there. His friends are still there. Just he and his wife are here. Resulting from the above I have no alternative [but] to deny his application for political asylum and withholding of deportation.
 
 
 14
 We have reviewed the record and conclude that the immigration judge's determination, as incorporated by the BIA's order, was supported by substantial evidence.
 
 III. CONCLUSION
 
 15
 We affirm the BIA's decision to deny Granados-Espinoza's application for asylum and withholding of deportation.
 
 
 16
 PETITION DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Floyd R. Gibson, Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The BIA clearly incorporated the immigration judge's reasoning and analysis, so we review his opinion as though it were the BIA's decision. Alaelua, 45 F.3d at 1382